

FILED

JUL 1 9 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | |
| CORTNEY LAMAR JENKINS, aka BOO MAN, | Criminal No. 3:21-CR-28 |
| Defendant. | Violations: 21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(B)<br>21 U.S.C. § 841(b)(1)(C)<br>21 U.S.C. § 846 |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

(Conspiracy to Distribute Fentanyl and Heroin)

From on or about August 21, 2020, to on or about August 25, 2020, in Berkeley County, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** and a person known to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding to violate Title 21, United States Code, Section 841(a)(1). It was a purpose and object of the conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT TWO

(Conspiracy to Distribute and Possess With Intent to Distribute 28 Grams or More of Cocaine Base)

From on or about August 21, 2020, to on or about January 26, 2022, in Berkeley County, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** together with other persons, did unlawfully, knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding to violate Title 21, United States Code, Section 841(a)(1). It was a purpose and object of the conspiracy to distribute a mixture and substance containing twenty-eight grams or more of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

## COUNT THREE

(Distribution of Cocaine Base)

On or about November 1, 2017, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

(Distribution of Cocaine Base)

On or about August 21, 2020, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FIVE

(Distribution of Heroin)

On or about August 21, 2020, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in exchange for a sum of United States Currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIX

(Distribution of Cocaine Base)

On or about August 25, 2020, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **COUNT SEVEN**

(Distribution of Fentanyl and Heroin)

On or about August 25, 2020, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of heroin, a Schedule I controlled substance, in exchange for $1,200 in United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

(Possession with Intent to Distribute Cocaine Base)

On or about January 26, 2022, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT NINE

(Possession with Intent to Distribute Cocaine)

On or about January 26, 2022, in Berkeley County, West Virginia, in the Northern District of West Virginia, defendant **CORTNEY LAMAR JENKINS, aka BOO MAN,** did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## **FORFEITURE ALLEGATION**

*Controlled Substance Act*

Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and (b)(1)(C), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.

A true bill,

/s/_____
Grand Jury Foreperson

/s/_____
WILLIAM IHLENFELD
United States Attorney

Lara Omps-Botteicher
Assistant United States Attorney